IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| GERMAN BURMUDEZ-RODRIGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOCTOR CHANG, NURSE ) <br> PRACTITIONER MUSILLI, NURSE ) <br> PRACTITIONER FETTERMAN, ) <br> ) <br> Defendants. | 2:25-CV-00590-CBB |

**MEMORANDUM ORDER**

Plaintiff German Burmudez-Rodriguez filed his complaint and thereafter a motion to proceed *in forma pauperis* ("IFP") which the Court granted. ECF Nos. 1, 5, 7. In his motion to proceed IFP, Plaintiff submitted a signed Prisoner Authorization Form indicating that Plaintiff agreed to pay the filing fee in full. ECF No. 5-1. Before service of his complaint, Plaintiff filed a motion to voluntarily withdraw his complaint because he had retained counsel and wanted to withdraw the complaint to "enable counsel to enter his appearance and file a counseled complaint." ECF No. 9 at 1. The Court granted Plaintiff's motion to withdraw his complaint and deemed the action voluntarily dismissed without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(1)(i). ECF No. 10. Since voluntarily withdrawing his action, Plaintiff has made two partial payments of the filing fee for $7.86 and $1.10, respectively. ECF Nos. 11, 12. Plaintiff now seeks to stop any further deductions

1

from his prisoner account because he withdrew the action and filed the present motion to discontinue the partial payments of the filing fee. ECF No. 13.

A prisoner like Plaintiff who brings a civil lawsuit and seeks to proceed IFP under the Prisoner Litigation Reform Act ("PLRA") must "pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Prisoners who obtain IFP status under the PLRA are not entitled to a waiver of filing fees and instead required to pay the filing fees in installments when there are sufficient funds in his prison account. *Id.* While the Court is sympathetic, it does not have the statutory authority to waive an inmate's not-yet-paid filing fees or to refund any portion of the filing fees once the action is filed. *Bookwalter v. Keen*, No. 1:CV-15-1291, 2015 WL 7294462, at *1 (M.D. Pa. Nov. 19, 2015). *See also Porter v. Dep't of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) ("It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits – appellants are not entitled to the return of their filing and docketing fees."); *Muhammad v. U.S. Marshals Serv.*, 385 F. App'x 70, 73 (3d Cir. 2010) (PLRA's filing fee requirements compel inmates to consider the economic incentives, weigh the costs of litigation, and "stop and think" before filing suit). Therefore, the Court is unable to waive Plaintiff's not-yet-paid filing fees. To the extent Plaintiff wishes to reopen this litigation, he may file a motion to reopen his case with the Court.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Discontinue Partial Payments is DENIED.

SO ORDERED this 1st day of October, 2025.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

cc:   GERMAN BURMUDEZ-RODRIGUEZ
      MY-5571
      SCI GREENE
      169 PROGRESS DRIVE
      WAYNESBURG, PA 15370